UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GAUNTLETT McCARTER, )
)
    Petitioner, )
)
v. ) Case No. 4:12CV02362 AGF
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Gauntlett McCarter's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner pled guilty to a drug offense and was sentenced to the mandatory minimum of 120 months' imprisonment. He now claims that his counsel was ineffective by misadvising him not to pursue a motion for the suppression of evidence seized during a traffic stop and failing to conduct an investigation into the legality of the seizure; and by failing to seek a sentence below the United States Sentencing Guidelines (the "Guidelines") advisory range and statutory minimum in light of Petitioner's minimal role in the offense. For the reasons set forth below, the motion shall be denied.

## BACKGROUND

On December 2, 2011, Petitioner was charged with two counts in a 17-person, 20-count indictment. In Count III he was charged with conspiracy to distribute and possession with intent to distribute in excess of five kilograms of cocaine and 50 grams

of cocaine base; and in Count X he was charged with possession with intent to distribute cocaine base in excess of 50 grams, in violation of 21 U.S.C. § 841(b)(1)(A).[1] (Case No. 4:10CR00618 AGF, Doc. No. 1.)

The Government asserts, and Petitioner does not contest that wiretap interceptions identified Petitioner as involved in co-defendant William Gholson's drug distribution efforts. The Government further asserts that by January 16, 2010, there was probable cause to believe that Petitioner would be transporting drugs that afternoon. He was thereafter observed leaving Gholson's house with a backpack, later determined to contain cocaine base. However, to protect the secrecy of the electronic surveillance of a co-defendant's phone, the police were instructed to wait until Petitioner committed a traffic violation before stopping his vehicle. On January 16, 2010, police stopped the rental car Petitioner was driving for operating a vehicle with expired plates, and failing to signal. (Doc. No. 9 at 26.) A search revealed the cocaine base and a scale in the backpack Petitioner had been seen with, and Petitioner was arrested. Counsel was appointed to represent Petitioner the next day.

By letter dated February 16, 2011, the Government listed incriminating phone calls made to or by Petitioner and noted that the Government had a cooperating witness or witnesses who would implicate Petitioner. On May 11, 2011, Petitioner waived pretrial motions at a status hearing before a Magistrate Judge. At the hearing, Petitioner acknowledged that he wished to waive his right to challenge the constitutionality of any

---

[1] In the plea agreement, the parties recognized that the United States would need to prove that the amount of cocaine base involved was in excess of 280 grams. Doc. No. 410, at p.2.

seizure by the Government. (Case No. 4:10CR00618 AGF, Doc. Nos. 305, 839-1.)

At a hearing on July 13, 2011, at which Petitioner was present, the Government introduced evidence of a prior felony drug conviction and it was explained to Petitioner that inasmuch as he had this prior conviction, if the Government chose to file for a sentence enhancement under 21 U.S.C. § 851, Petitioner could face a maximum sentence of life in prison. *Id.* Doc. No. 837.

On July 15, 2011, Petitioner and the Government entered into a written plea agreement pursuant to which Petitioner would plead guilty to Count X of the indictment and the Government would dismiss Count III and bring no further federal prosecutions in this District related to Petitioner's participation in the conspiracy. The agreement stated that Petitioner fully understood that Count X carried a mandatory minimum term of imprisonment of 10 years, with the maximum penalty being life imprisonment. The Government agreed not to seek any sentencing enhancement under 21 U.S.C. §851 and both parties agreed not to seek a sentence above or below the Guidelines advisory range. Petitioner stipulated to the following facts:

> Based on police surveillance, both physical and electronic, law enforcement seizures and forensic evidence the following evidence would be adduced if Gauntlett McCarter, hereinafter "defendant" elected to go to trial.
>
> On January 16, 2010 defendant was stopped by officers with the St. Louis Metropolitan Police Department pursuant to an ongoing investigation. The officers searched a black backpack that defendant had previously been seen with and located cocaine base, a/k/a "crack cocaine," and a scale. Defendant was searched and found to have 2.8 grams of heroin on his person. The laboratory analysis revealed that the cocaine base, a/k/a "crack cocaine," weighed 355.07 grams. Defendant admits that he

> intended to distribute some or all of the cocaine base, a/k/a "crack cocaine," to another person or persons.

*Id*. Doc. 410.

The parties' agreement held Petitioner accountable only for the quantity of drugs that were seized from him, not seeking to hold him accountable for other quantities reasonably foreseeable to him in connection with the conspiracy. As such, the parties agreed that Petitioner's Base Offense Level under the Guidelines was 32, from which three levels would be deducted pursuant to Guidelines § 3E1.1(a) and (b) for Petitioner's acceptance of responsibility and timely notifying the Government of his intent to plead guilty. This resulted in a Total Offense Level of 29. Petitioner agreed to waive all rights to appeal all sentencing issues other than the determination of his Criminal History Category, which was left to the Court's determination, provided the Court accepted the plea and the agreed-upon Total Offense Level, and sentenced him within or below the Guidelines range. *Id*.

At the guilty plea hearing held on the day the plea agreement was executed, Petitioner represented under oath that he was satisfied with his attorney's performance and that his attorney did everything he asked him to do and there was nothing Petitioner could think of that his attorney should have done but did not do in representing Petitioner. Petitioner stated that he understood the terms of the plea agreement and the sentencing ramifications if he pleaded guilty. The Court explained the sentencing procedure in general, noting that after it calculated what the sentencing range would be under the Guidelines, the Court would consider other statutory sentencing factors under 18 U.S.C.

§ 3553 to determine what sentence to impose. Petitioner acknowledged his understanding that one of the terms of the plea agreement was that neither he nor the Government would request a sentence above or below the Guidelines range ultimately determined by the Court. Petitioner was also expressly advised and acknowledged that he understood that Count X carried a mandatory minimum term of imprisonment of ten years. The Court ascertained the factual basis for the guilty plea and accepted the plea as knowing, intelligent, and voluntary. (Case No. 4:10CR00618, Doc. No. 715.)

Petitioner's Presentence Investigation Report ("PSI") found that Petitioner had four criminal history points due to prior convictions. His Criminal History Category was III, which, with a Total Offense Level of 29, resulted in a Guidelines sentencing range of 108-135 months. The PSI noted that the statutory minimum for Count X was 120 months and so the Guidelines sentencing range changed to 120-135 months. The PSI also described the impact of the plea agreement, noting that had a notice under 21 U.S.C. § 851 been filed, Petitioner would have been subject to a mandatory minimum sentence of 20 years, and a maximum sentence of life, with a term of supervised release of not less than ten years. *Id*. Doc. No. 569, ¶ 89.

At the sentencing hearing conducted on October 31, 2011, the Court noted the factors a court should consider under § 3553(a) in deciding whether to impose a Guidelines sentence or a non-Guidelines sentence, and stated that it would consider those factors. Petitioner represented that he had no objections to the PSI, and the Court adopted the PSI's findings with respect to Total Offense Level and Criminal History Category. Petitioner and the Government acknowledged that there were no motions for

departure from the advisory Guidelines range.

Both Petitioner's counsel and Petitioner himself addressed the Court on the § 3553(a) factors, noting Petitioner's family commitments, educational and professional achievements, and acceptance of responsibility for the crime of conviction. Although the Court advised Petitioner that it would hear anything Petitioner wished to say prior to imposing sentence, Petitioner did not voice any objections to the PSI, the Guidelines calculations, or counsel's performance. The Government asked for a sentence within the Guidelines and statutory range. As noted above, the Court sentenced Petitioner to the mandatory statutory minimum of 120 months' imprisonment, which was the bottom of the Guidelines range. The Court stated that it considered, among other things, Petitioner's role in the offense as compared to the roles of others. *Id.* Doc. No. 716.

Counsel for Petitioner filed a Notice of Appeal on November 14, 2011. On November 23, 2011, the Government filed a motion to dismiss Petitioner's appeal, and briefing was held in abeyance until the motion to dismiss was resolved. Counsel for Petitioner filed a response to the motion to dismiss, stating that Petitioner acknowledged that as part of the plea agreement, he had waived all rights to appeal all sentencing issues other than Criminal History, but had "still requested that a Notice of Appeal be filed because he felt that the judge had the discretion and should have sentenced him below the statutory minimum." On January 24, 2012, the Court of Appeals granted the Government's motion and dismissed the appeal.

In the present motion and supporting memoranda and affidavit by Petitioner, Petitioner argues that his plea counsel rendered ineffective assistance by failing to heed

Petitioner's request to move for the suppression of evidence seized at the January 16, 2010 traffic stop on the ground that the stop was pretextual.  Rather, without conducting an investigation, his counsel incorrectly told him that if he sought to suppress the evidence, "he would [lose] the benefit of any acceptance of responsibility consideration." (Doc. No. 9 at 4-5.)  Petitioner alleges that plea counsel told him that at a suppression hearing, a court is more likely to believe police officers over the criminal defendant. Petitioner represents that counsel's misadvice about losing the benefit of an acceptance of responsibility departure deprived Petitioner of his constitutional right to seek the suppression of evidence illegally seized, "whereas the suppression of said evidence would [have] definitely undermine[d] the prosecution[']s case." *Id.* at 6.  He states that had his counsel properly advised him as to the application of § 3E1.1(a), Petitioner would have pursued a suppression hearing "prior to considering whether to plead" guilty. *Id*. at 12.

Petitioner also claims that his counsel was ineffective in failing to follow Petitioner's request to subpoena documents to show that the stop for operating a vehicle with expired plates was pretextual; and camera footage from the police car and buildings in the area to show that the police could not see whether or not Petitioner signaled, proving that the stop for failing to signal was pretexual.  Petitioner asserts that this failure to subpoena led to inadequate advice that impacted Petitioner's decision not to pursue a suppression hearing, which Petitioner believes he would have won, resulting in him not pleading guilty.   In support of this claim, Petitioner has submitted a copy of a "Title Inquiry Report" that shows registration with an expiration date of December 31, 2010, for

the rental car Petitioner was driving when he was stopped. (Doc. No. 9 at 25.)

Petitioner next claims that his counsel was ineffective in failing to follow Petitioner's request that counsel seek during plea negotiations, and/or at sentencing, a Sentence below the statutory minimum, based on Petitioner's minimal role in the offense; and in failing to argue on appeal, as Petitioner had directed counsel to do, that the Court abused its discretion in not departing downward based on his minimal role. Petitioner asserts that more culpable co-defendants had received less prison time than Petitioner, and had Petitioner's counsel made the Court aware of this prior to sentencing, the Court may have sentenced Petitioner to less than 120 months.

In one sentence of his Reply, Petitioner contends that despite the satisfaction he expressed, the Court "did in fact become aware" of Petitioner's dissatisfaction with counsel, alleging that "[P]etitioner had written the [C]ourt numerous times expressing his dissatisfaction with counsel[']s failure to perform some of the request[s] that [P]etitioner suggested that counsel perform in order to properly assist [P]etitioner in the proceedings." (Doc. No. 13, at 4.) Petitioner does not assert that any such letters related to the matters raised in his Petition. Indeed, the Court's internal file reflects only one letter from Petitioner.[2] In that letter, received on October 17, 2011, Petitioner stated that he had just received his PSI, and had attempted to reach counsel to discuss it, but had not yet succeeded in reaching him. He also included certain character letters. The Court advised Petitioner that he needed to communicate with the Court through counsel, and

---

[2] In 2011, the Court did not have a practice of filing letters in the formal Court file, but rather retained them in a work file. That practice was changed several years ago, such that any letters are filed in the Court file, under seal if necessary.

that his letter was being forwarded to counsel with a request that counsel address the matters with Petitioner and evaluate whether to file any of the letters Petitioner attached. To complete the record in this case, the Court is filing a copy of that correspondence in the Court's file. *See* Case No. 4:10CR618, Doc. No. 844.

In response to Petitioner's motion, the Government has submitted the affidavit of Petitioner's counsel, attesting that between January 27, 2011, and May 11, 2011, he met with Petitioner approximately ten times for a total of approximately 20 hours, investigated every aspect of the case, including the vehicle stop; advised Petitioner that he (counsel) did not believe Petitioner would prevail on a motion to suppress evidence seized from the traffic stop but that the decision whether to proceed with such a motion was Petitioner's, and that if Petitioner decided to proceed, counsel would "explore filing a subpoena" to determine whether the rental car had a valid registration; and that he never told Petitioner that Petitioner would lose any benefit for acceptance of responsibility consideration if he did not waive his right to file pretrial motions; and that as part of the plea negotiations, counsel made offers to the Government for sentences that would have been under the ten-year mandatory minimum. (Doc. No. 10-2.)

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "The

longstanding test for determining the [constitutional] validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and this right extends to the plea-bargaining process, *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Failure to establish either prong is fatal to a claim of ineffective assistance." *Morelos v. United States*, 709 F.3d 1246, 1250 (8th Cir. 2013). In order to satisfy the prejudice prong of the *Strickland* test in the context of a plea, a petitioner "must show the outcome of the plea process would have been different with competent advice." *Lafler*, 132 S. Ct. at 1384. When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**<u>Alleged Misadvice by Counsel</u>**

Petitioner alleges that his counsel told him that if he pursued a motion to suppress, he would not be eligible for a reduction in offense level for acceptance of responsibility. If counsel so advised Petitioner, the advice would have been incorrect. While pursuing a motion to suppress would likely have rendered Petitioner ineligible for a one-level

reduction under § 3E1.1(b), this is not true with respect to the two-level reduction for acceptance of responsibility under § 3E1.1(a). *See, e.g., United States v. Kowal*, No. 06CR133 LRR, 2007 WL 2903194, at *9 (N.D. Iowa Oct. 2, 2007). Petitioner's allegation is disputed by counsel's affidavit. But, under the circumstances of this case, the Court does not believe that an evidentiary hearing is necessary to resolve the factual dispute because the record establishes that Petitioner is entitled to no relief on this claim. The Court rejects the claim because Petitioner has not shown that he was likely to succeed on a motion to suppress.

In the analogous situation involving a § 2255 petitioner who had pled guilty and claimed that his counsel was ineffective for failing to file a motion to suppress evidence, the Eighth Circuit explained that to be entitled to habeas relief, the petitioner had to prove that the motion to suppress would have succeeded. *See United States v. Luke*, 686 F.3d 600, 605 (8th Cir. 2012) (citing *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir.1983). Here, even if Petitioner could show that the registration and video evidence he references would undercut the officers' testimony–which he has not done–Petitioner has not refuted that the officers had probable cause to stop Petitioner based on their investigation and the wire tap interceptions. Of course, once the case was indicted, there was no continuing reason to protect this information.[3]

---

[3] The Court further notes that success on the motion to suppress does not mean that Petitioner would have succeeded at trial. The Government still had other evidence not subject to suppression, including intercepted calls and the testimony of cooperating witnesses.

**Counsel's Alleged Failure to Investigate and Subpoena Evidence**

Petitioner's statements under oath at the plea hearing that counsel did all that Petitioner asked preclude his claim that his counsel was ineffective in failing to investigate the seizure of the evidence pursuant to the traffic stop and obtain documents and videos on this matter. *See Johnson v. United States*, No. 4:10CV01531CDP, 2011 WL 1559764, at *4 (E.D. Mo. Apr. 25, 2011); *Smith v. United States*, No. 4:10CV1155 CDP, 2011 WL 1327421, at *6-8 (E.D. Mo. April 6, 2011) (rejecting a § 2255 petitioner's claims that plea counsel provided ineffective assistance by failing to, among other things, move to suppress evidence and get exculpatory evidence from the government, where the petitioner had stated under oath at the plea hearing that counsel did all that the petitioner wanted him to do).

Furthermore, for the reason set forth above, Plaintiff cannot show prejudice because he did not show that there is a reasonable probability that a motion to suppress would have succeeded.

**Counsel's Failure to Obtain Consideration for Petitioner's Alleged Minimal Role**

Petitioner's claim that his counsel was ineffective during plea negotiations in not obtaining consideration for Petitioner's minimal role in the offense is also foreclosed by Petitioner's statements under oath at the plea hearing that counsel did everything Petitioner wanted him to do. That their agreement did not include any adjustment for role in the offense was made plain in the plea agreement. Further, Petitioner has not established any prejudice, as there is nothing in the record to suggest entitlement to a minimal role adjustment. More importantly, even if Petitioner had received such an

adjustment under Guidelines § 3B1.2, it would not have impacted Petitioner's sentencing, as he still would have been subject to the ten-year mandatory minimum sentence, under Guidelines § 5G1.1.

Petitioner's assertion that counsel was ineffective at sentencing in failing to argue to the Court for a below-Guidelines and statutory minimum sentence, under Guidelines 3553(f), is foreclosed for similar reasons. Petitioner expressly agreed in the plea agreement that he would not seek a downward departure or variance, and voiced no objections to the Guidelines calculations reflected in the PSI. And again, Petitioner cannot show any prejudice because there is no basis in the record for the Court to have departed below the mandatory minimum based on Petitioner's role in the offense or otherwise. The Court notes that Petitioner could not qualify for application of the "safety valve," as he had four criminal history points. *See* Guidelines § 5C1.2(a)(1) (one requirement for safety-valve relief is that the defendant not have more than one criminal history point).

Petitioner's further assertion that the sentence resulted in unwarranted sentencing disparity is foreclosed by his appeal waiver and further, has no basis in the record. The role of the various co-defendants in the case was considered at sentencing. And indeed, many of the co-defendants received far more substantial sentences than Petitioner. Those Defendants of equal or greater culpability who received lower sentences did so for reasons such as having a lesser criminal history category or different Guidelines range, or they were not facing a ten-year mandatory minimum sentence.

**Counsel's Performance on Direct Appeal**

Lastly, in light of the clear and unambiguous waiver of his rights to appeal all sentencing issues other than his Criminal History Category determination, Petitioner's claim that counsel was ineffective for not arguing on appeal that Petitioner should have received a downward adjustment for a mitigating role fails. In order to establish prejudice caused by ineffective assistance of appellate counsel, a petitioner must show "a reasonable probability that, but for counsel's deficient performance, the result of his direct appeal would have been different." *Williams v. Kemna*, 311 F.3d 895, 898 (8th Cir. 2002). Here, the argument Petitioner faults counsel for not raising on direct appeal could not have prevailed, given the waiver of his rights to appeal in the plea agreement. *See Watkins v. United States*, No. 4:11CV1118 HEA, 2014 WL 2968799, at *11 (E.D. Mo. June 30, 2014) (rejecting the claim of a § 2255 petitioner that counsel was ineffective for advising the petitioner to drop his appeal, where the petitioner had waived his rights to appeal in his plea agreement). Further, counsel's performance was not deficient, nor was Petitioner prejudiced, as the Court was not authorized on these facts to impose a sentence below the mandatory minimum based on Petitioner's role in the offense.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gauntlett McCarter's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**. (Doc. No. 1.)

**IT IS FURTHER ORDERED** that Petitioner's requests for an evidentiary hearing and for the appointment of counsel are denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

                                                  _____
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2014.